UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| RICHARD SCOTT KINDRED, | 1:19-cv-00901-JLT (PC) |
|---|---|
| Plaintiff, | **ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; AND** |
| v. | |
| WUILMER CABRERA, et al., | **ORDER REQUIRING PLAINTIFF TO FILE A RESPONSE** |
| Defendants. | **(Docs. 1, 6)** |
| | **THIRTY-DAY DEADLINE** |

Plaintiff is a civil pursuant to California Welfare and Institutions Code § 6600 *et seq.* He has submitted an application to proceed in forma pauperis. Examination of the application reveals that plaintiff is unable to afford the costs of this action. Accordingly, the application to proceed in forma pauperis will be granted.

**I.      Screening Requirement**

The Court is required to screen complaints brought by civil detainees seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the detainee has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§ 1915A(b)(1), (2). As plaintiff will be proceeding in forma pauperis in this action, the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Prisoners may bring § 1983 claims against individuals acting "under color of state law." See 42 U.S.C. § 1983, 28 U.S.C. § 1915(e) (2)(B)(ii). Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III. Plaintiff's Allegations

Plaintiff's allegations arose during his detention at Coalinga State Hospital in Coalinga, California. He names as defendants Psychiatric Technician John Doe, Senior Psychiatric Technician Wuilmer Cabrera, and Senior Psychiatric Technician Frank Media. Each defendant is

2

sued in his individual and official capacities. Plaintiff seeks damages and injunctive relief.

Plaintiff's allegations may be fairly summarized as follows:

On February 9, 2019, plaintiff attempted to answer a ringing telephone, but defendant John Doe blocked his way. Plaintiff, who uses a walker, was able to step over John Doe, answer the phone, and hand it to the person that the call was for. When plaintiff returned to retrieve his walker, John Doe called plaintiff names and shook his finger in plaintiff's face in an apparent attempt to institute a fight. Plaintiff moved his left hand to protect himself, at which point John Doe pressed the emergency red light. In response, defendants Cabrera and Media came from the Nurse's Station Office, slammed plaintiff to the ground, and one of these defendants (Cabrera or Media) placed their forearm across plaintiff's neck and applied pressure despite knowing that plaintiff had a medical condition (COPD) that meant he could not be taken down to the ground. Plaintiff immediately began to complain that he couldn't breathe. Cabrera and Media released plaintiff and told him to get up. Plaintiff said he could not get up without the help of his walker. At this point, Cabrera and Media dragged plaintiff into a seclusion area with John Doe's help. Once there, Cabrera and Media threw plaintiff into a corner where plaintiff sustained an open gash over one eye. As a result of this incident, plaintiff suffered serious injury.

**IV.     Discussion**

    **A.  Official v. Individual Capacity Claims**

Plaintiff brings claims against the defendants in their individual and official capacities, and the relief he seeks includes injunctive relief and damages. Plaintiff is hereby informed that the Eleventh Amendment bars actions seeking damages from state officials acting in their official capacities. See Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1995); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992) (per curiam). The Eleventh Amendment does not, however, bar suits against state officials acting in their personal capacities. See id. Under the doctrine of Ex Parte Young, 209 U.S. 123 (1908), the Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacities. See Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997).

////

## B. Fourteenth Amendment Excessive Force

The Due Process Clause of the Fourteenth Amendment protects civil detainees from the use of excessive force which amounts to punishment. Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1197 (9th Cir. 2002). An excessive force claim brought by a person, confined in a state institution, who is not a "prisoner" subject to punishment, should be evaluated under the objective reasonableness standard of the Fourteenth Amendment as applied to excessive-force claims brought by pretrial detainees, and not under the Eighth Amendment excessive-force standard. Andrews v. Neer, 253 F.3d 1052, 1061 (9th Cir. 2001). This due process standard recognizes that the state is entitled to hold such a person in custody and that the detainee's confinement raises "concerns similar to those raised by the housing of pretrial detainees, such as the legitimate institutional interest in the safety and security of guards and other individuals in the facility, order within the facility, and the efficiency of the facility's operations." Andrews, 253 F.3d at 1061 (citing Johnson-El v. Schoemehl, 878 F.2d 1043, 1048 (8th Cir. 1989)). The inquiry is whether defendants' actions were objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. See Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015) (This determination is to be made "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight."); see also Lolli v. County of Orange, 351 F.3d 410, 415 (9th Cir. 2013).

The Court can consider various factors in evaluating the reasonableness which may include: (1) the relationship between the need for the use of force and the amount of force used; (2) the extent of plaintiff's injury; (3) any effort made by the officer to temper or to limit the amount of force; (4) the severity of the security problem at issue; (5) the threat perceived by the officer; and (6) whether the plaintiff was actively resisting. Kingsley v. Hendrickson, 135 S. Ct. at 2473 (citing Graham v. Connor, 490 U.S. 386, 396 (1989)). "[T]he most important Graham factor is whether the suspect posed an immediate threat to the safety of the officers or others." Mattos v. Agarano, 661 F.3d 433, 441 (9th Cir. 2011) (internal quotation marks and citation omitted).

In conducting the reasonableness analysis, the Court must "examine the totality of the

circumstances and consider 'whatever specific factors may be appropriate in a particular case, whether or not listed in Graham.'" Bryan v. MacPherson, 630 F.3d 805, 826 (9th Cir. 2010) (citation omitted). In sum, the operative question is whether the officer's actions were objectively reasonable in light of the facts and circumstances. Graham v. Connor, 490 U.S. at 397. Furthermore, the objective reasonableness of an officer's use of force must be judged from the perspective of a reasonable officer on the scene, "rather than with 20/20 vision of hindsight." Id. at 396.

Plaintiff states an excessive force claim against defendants Cabrera and Media, as each is accused of attacking plaintiff, who was not resisting, following John Doe's emergency call and then after taking him to a seclusion area. There appears to have been no basis for the amount of force used in this incident.

While there is no suggestion that John Doe himself attacked plaintiff, plaintiff may be asserting a failure to protect claim against him. To state such a claim, the plaintiff must allege that (1) the defendant "made an intentional decision with respect to" the plaintiff's conditions of confinement, which (2) "put the plaintiff at substantial risk of suffering serious harm," and (3) failed to take "reasonable available measures to abate that risk" in a way that (4) "caused the plaintiff's injuries." Castro v. County of Los Angeles, 833, F.3d 1060, 1071 (9th Cir. 2016) (en banc). "With respect to the third element, the defendant's conduct must be objectively unreasonable[.]" Id. Although a showing of subjective intent is therefore not required, objective unreasonableness requires "more than negligence" — "something akin to reckless disregard." See id. Under the circumstances alleged, a reasonable officer could have understood that dragging plaintiff to a secluded area with two other officers who had just assaulted him would result in another violent altercation. Plaintiff may therefore proceed against this defendant on a failure to protect claim.

**C. John Doe Defendant**

While the Court finds that plaintiff has stated a claim against John Doe, unidentified, or "John Doe" defendants must be named or otherwise identified before service can go forward. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti,

629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe cannot be served by the United States Marshal until plaintiff has identified him as an actual individual and amends his complaint to substitute a name for John Doe. For service to be successful, the Marshal must be able to identify and locate defendants.

**IV.     Conclusion**

Plaintiff's complaint states an excessive force claim against defendants Cabrera and Media and a failure to protect claim against John Doe.

The Court will grant plaintiff an opportunity to file an amended complaint, if he so chooses. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If plaintiff does not wish to amend, he may instead file a notice of voluntary dismissal, and the action then will be terminated by operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i). Alternatively, plaintiff may forego amendment and notify the Court that he wishes to stand on his complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment). If the last option is chosen, findings and recommendations will issue to dismiss the complaint without leave to amend, plaintiff will have an opportunity to object, and the matter will be decided by a District Judge.

If plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff should note that although he has been granted the opportunity to amend his complaint, it is not for the purposes of adding new and unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully review this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, plaintiff is advised that Local Rule 220 requires that an amended complaint be complete without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves a function in the case. Id. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly titled, in

bold font, "First Amended Complaint," reference the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Accordingly, the Court **ORDERS** that:

1. Plaintiff's motion to proceed in forma pauperis is granted;
2. Within thirty days from the date of service of this order, plaintiff must file either a first amended complaint curing the deficiencies identified by the Court in this order, a notice of voluntary dismissal, or a notice of election to stand on the complaint; and
3. If plaintiff fails to respond to this Order, the Court will recommend the action be dismissed for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated: **February 3, 2020**        **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE