1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    RICHARD SCOTT KINDRED,                    1:19-cv-00901-NONE-JLT (PC)

12              Plaintiff,                       **ORDER GRANTING PLAINTIFF'S**
                                                 **MOTION FOR A SUBPOENA**
13        v.
                                                 (Doc. 18)
14    WUILMER CABRERA, et al.,

15              Defendants.

16

17          On May 20, 2021, this Court issued findings and recommendations to dismiss the John

18    Doe defendant. (Doc. 15.) During the pendency of the findings and rulings, Plaintiff filed a

19    motion for a subpoena under Federal Rule of Civil Procedure 45. (Doc. 18.)

20          The Court's authorization of a subpoena duces tecum requested by an *in forma pauperis*

21    plaintiff is subject to limitations. Because personal service of a subpoena duces tecum is required

22    under Rule 45(b), "[d]irecting the Marshal's Office to expend its resources personally serving a

23    subpoena is not taken lightly by the court," *Austin v. Winett*, No. 1:04-cv-05104-DLB PC, 2008

24    WL 5213414, *1 (E.D. Cal. 2008); *see also* 28 U.S.C. § 1915(d). Limitations include the relevance

25    of the information sought as well as the burden and expense to the non-party in providing the

26    requested information. Fed. R. Civ. P. 26, 45. A motion for issuance of a subpoena duces tecum

27    should be supported by clear identification of the documents sought and a showing that the records

28    are obtainable only through the identified third party. *See, e.g.*, *Davis v. Ramen*, No. 1:06-cv-

01216-AWI-SKO PC, 2010 WL 1948560, *1 (E.D. Cal. May 11, 2010); *Williams v. Adams*, No. 1:05-cv-00124-AWI-SMS PC, 2010 WL 148703, *1 (E.D. Cal. Jan. 14, 2010). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991). Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors. *Id.*

Under a liberal construction of the motion, Plaintiff seeks employment and staffing records that reflect the identity of a male staff member who was assigned to Unit 20 but was floating in Unit 18 on the day shift on February 15, 2019, and was responsible for the incident involving Defendants Cabrera and Media. (Doc. 18.) The Court finds that the information sought is relevant to Plaintiff's prosecution of this action, and the motion is sufficiently specific to clearly identify the information sought. Accordingly, the Court **ORDERS** as follows:

1. Plaintiff's motion for a subpoena (Doc. 18) is **GRANTED**;

2. The Clerk of Court shall forward the following documents to the United States Marshal (USM):

    a. One completed and issued subpoena duces tecum to be served on:

        **Litigation Coordinator**

        **Department of State Hospitals – Coalinga**

        **24511 West Jayne Ave.**

        **Coalinga, CA 93210**

    b. One copy of the complaint (Doc. 1);

    c. One copy of Plaintiff's motion (Doc. 18);

    d. One completed USM–285 form; and

    e. Two copies of this order, one to accompany the subpoena and one for the USM;

In completing the subpoena, the Clerk of Court shall list, as described here: any employment and staffing records that will identify the male staff member who was assigned to Unit 20 but was floating in Unit 18 on the day shift on February 15, 2019.

3. Within thirty days from the date of this order, the USM is DIRECTED to serve the subpoena in accordance with the provisions of Rule 45 of the Federal Rules of Civil Procedure;

4. The USM shall effect personal service of the subpoena duces tecum, along with a copy of this order, a copy of the complaint, and a copy of Plaintiff's motion upon the individual named in the subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c);

5. Within ten days after personal service is effectuated, the USM shall file the return of service, along with the costs subsequently incurred in effecting service, and said costs shall be enumerated on the USM–285 form; and

6. Within fourteen days after service is effectuated, the Litigation Coordinator at Coalinga State Hospital in Coalinga, California, is directed to serve the responsive documents on Plaintiff:

> **Richard Scott Kindred**
> **Inmate # CO 000543-9**
> **Coalinga State Hospital (5003)**
> **P.O. Box 5003**
> **COALINGA, CA 93210-5003**

IT IS SO ORDERED.

Dated:   **July 19, 2021**            **/s/ Jennifer L. Thurston**
                                   CHIEF UNITED STATES MAGISTRATE JUDGE