UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SCOTT KINDRED,<br><br>Plaintiff,<br><br>v.<br><br>WUILMER CABRERA, et al.,<br><br>Defendants. | Case No. 1:19-cv-00901-JLT-BAK (EPG) (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUBPOENA<br><br>(ECF No. 32) |

Plaintiff Richard Scott Kindred is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Wuilmer Cabrera, Lawrence Congress, and Frank Media. (ECF No. 13, as amended by ECF No. 27.)

On February 17, 2022, Plaintiff filed a request for a subpoena directing the California Department of State Hospitals – Coalinga ("DSH–Coalinga") to provide the last known residential or work address of Defendant Frank Media, former Senior Psychiatric Technician, who is no longer employed at that hospital. (ECF No. 32.) The Court construes this as a request for documents and electronically stored information containing Frank Media's service address.

The Court's authorization of a *subpoena duces tecum* requested by an *in forma pauperis* plaintiff is subject to limitations. Because personal service of a *subpoena duces*

*tecum* is required under Rule 45(b), "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court." *Austin v. Winett*, No. 1:04-cv-05104-DLB PC, 2008 WL 5213414, *1 (E.D. Cal. 2008); *see also* 28 U.S.C. § 1915(d). Limitations include the relevance of the information sought as well as the burden and expense to the non-party in providing the requested information. Fed. R. Civ. P. 26, 45. A motion for issuance of a *subpoena duces tecum* should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party. *See, e.g.*, *Davis v. Ramen*, No. 1:06-cv-01216-AWI-SKO PC, 2010 WL 1948560, *1 (E.D. Cal. May 11, 2010); *Williams v. Adams*, No. 1:05-cv-00124-AWI-SMS PC, 2010 WL 148703, *1 (E.D. Cal. Jan. 14, 2010). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991). Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors. *Id.*

The Court finds that the information sought is relevant to Plaintiff's prosecution of this action, and the motion is sufficiently specific to clearly identify the information sought.

Safety and security concerns may arise in providing a state prisoner with documents and electronically stored information containing the address of a staff member. Therefore, if DSH–Coalinga has responsive documents and/or electronically stored information, instead of providing them to Plaintiff, DSH–Coalinga may provide the service address (or documents/electronically stored information containing the service address) to the Court *in camera* via email at EPGorders@caed.uscourts.gov. Once the Court receives the information, the Court will direct the United States Marshal's Service ("USM") to serve defendant Frank Media and will also direct the USM to keep the address confidential.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a subpoena (ECF No. 32) is GRANTED;

2. The Clerk of Court shall forward the following documents to the United States Marshal's Service:

2

      a. One completed and issued *subpoena duces tecum* to be served on:

> **Litigation Coordinator**
>
> **Department of State Hospitals – Coalinga**
>
> **24511 West Jayne Ave.**
>
> **Coalinga, CA 93210**

      b. One copy of the first amended complaint as amended (ECF Nos. 13, 27);

      c. One copy of Plaintiff's motion (ECF No. 32);

      d. One completed USM–285 form; and

      e. Two copies of this order, one to accompany the subpoena and one for the USM;

In completing the subpoena, the Clerk of Court shall list, as described here: the last known residential address or work address of Frank Media, who is no longer employed by California Department of State Hospitals – Coalinga.

3. Within thirty days from the date of this order, the USM is DIRECTED to serve the subpoena in accordance with the provisions of Rule 45 of the Federal Rules of Civil Procedure;

4. The USM shall effect personal service of the *subpoena duces tecum*, along with a copy of this order, a copy of the first amended complaint as amended (ECF Nos. 13, 27.), and a copy of Plaintiff's motion upon the individual named in the subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c);

5. Within ten days after personal service is effectuated, the USM shall file the return of service, along with the costs subsequently incurred in effecting service, and said costs shall be enumerated on the USM–285 form; and

6. Within fourteen days after service is effectuated, the Litigation Coordinator at Coalinga State Hospital in Coalinga, California, may provide the service address (or documents/electronically stored information containing the service address) to the Court *in camera* via email at **EPGorders@caed.uscourts.gov**. Alternatively, the Litigation

///

3

Coordinator may provide the service address (or documents/electronically stored information containing the service address) directly to Plaintiff:

> **Richard Scott Kindred**
> **Inmate # CO 000543-9**
> **Coalinga State Hospital (5003)**
> **P.O. Box 5003**
> **COALINGA, CA 93210-5003**

IT IS SO ORDERED.

Dated: __April 5, 2022__        /s/ Erica P. Grosjean
                                UNITED STATES MAGISTRATE JUDGE

4