UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SCOTT KINDRED,<br><br>Plaintiff,<br><br>v.<br><br>WUILMER CABRERA, *et al.*,<br><br>Defendants. | Case No. 1:19-cv-00901-JLT-CDB (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITH PREJUDICE<br><br>(Docs. 42, 45)<br><br><u>FOURTEEN-DAY DEADLINE</u> |

Plaintiff Richard Scott Kindred, a former state prisoner acting *pro se*, filed this civil rights action under 42 U.S.C. § 1983 on July 1, 2019, in which he asserts claims for excessive force and failure to protect against Defendants. (Doc. 1.) On October 31, 2022, Defendants filed a notice representing that Plaintiff died on October 19, 2022. (Doc. 42.)

Rule 25 of the Federal Rules of Civil Procedure governs the substitution of a party who has died:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a). The ninety-day period for substitution is triggered once a party places on the record a notice or suggestion of death and serves a suggestion of death on other parties and nonparty successors or representatives of the deceased. Fed. R. Civ. P. 25(a)(1); *Barlow v.*

1  *Ground*, 39 F.3d 231, 233 (9th Cir. 1994). Non-party successors or representatives of the
2  deceased party must be served the suggestion of death in the manner provided by Rule 4 for the
3  service of a summons. *Id.* at 232–34.
4        On January 24, 2023, counsel for Defendants filed a declaration in which she attests that
5  she spoke with Plaintiff's nephew, Scotty Kindred, who advised that Plaintiff's only surviving
6  next of kin were his brother, Bryen Kindred, and his sister, Carol Ann Dietz. (Doc. 44.)  Bryen
7  Kindred was personally served with the notice of death and first amended complaint at his last
8  known address, The Salvation Army, 631 Dickerson Pike, Nashville, TN 37207, on January 9,
9  2023. (*Id.* at 2, 4.) Ms. Dietz was personally served with the notice of death and the first
10  amended complaint on January 17, 2023. (*Id.* at 2, 6.) Thus, Defendants satisfied their
11  obligations under Rule 25(a).
12        On March 9, 2023, the Court ordered that any motion to substitute a party as the plaintiff
13  must be filed no later than April 17, 2023. (Doc. 45.)
14        No one has filed a motion for substitution by the deadline as required by the Court.
15  District courts have the discretion to dismiss a case with or without prejudice when no one files a
16  notice of substitution under Rule 25(a). *Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090,
17  1095 (9th Cir. 2017). Under the circumstances of this case, where the deceased party's next of
18  kin did not file a timely motion to substitute after personal service and order of the Court, this
19  action should be dismissed with prejudice.
20        Accordingly, it is hereby RECOMMENDED that the Court:
21        1.    Dismiss this action with prejudice for non-substitution of a deceased party under
22  Rule 25(a); and
23        2.    Direct the Clerk of Court to close the case.
24        These Findings and Recommendations will be submitted to the United States District
25  Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within fourteen**
26  **(14) days** after being served with these Findings and Recommendations, Plaintiff may file
27  written objections with the Court. The document should be captioned, "Objections to Magistrate
28  Judge's Findings and Recommendations." Plaintiff is advised that the failure to file objections

within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 21, 2023**

UNITED STATES MAGISTRATE JUDGE